```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ATLANTIC DELI & GROCERY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | CIVIL NO. 10-4363 (JBS/AMD) |
| v. | |
| UNITED STATES OF AMERICA, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Jonathan J. Sobel, Esquire
LAW OFFICES OF JONATHAN J. SOBEL
1103 Laurel Oak Road, Suite 111
Voorhees, NJ 08043
    Attorney for Plaintiff

Paul J. Fishman
United States Attorney
    By:  Elizabeth A. Pascal, Esquire
         Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
401 Market Street P.O. Box 2098
Camden, NJ 08101
    Attorneys for Defendants


**SIMANDLE**, District Judge:


I.   **INTRODUCTION**

This matter comes before the Court on the motion for summary judgment of Defendants United States of America and Tom Vilsack, United States Secretary of Agriculture ("Defendants"). [Docket Item 12.]  Plaintiff, Atlantic Deli & Grocery, operates a small

retail food store located at 3833 Atlantic Avenue in Atlantic City, New Jersey, that is authorized to participate in the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program.  Plaintiff seeks judicial review of the administrative action of Defendants, acting through the Food and Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA"), to disqualify Plaintiff's store from participating in SNAP for a period of six months as a penalty for a first-time violation of the terms of the program. For the reasons stated below, the Court will grant Defendants' motion for summary judgment and dismiss Plaintiff's action.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Atlantic Deli & Grocery is owned and operated by co-owners Israt Jahan and Farzana Begum.  The store was authorized to participate in SNAP as a retail food store in May 2003.  (Pascal Decl. Ex. A at A.R. 20.)[1]  Over the next several years, Plaintiff was warned in letters sent by FNS on more than one occasion that the store was suspected of violating the food

---

[1] References to Exhibit A of the Pascal Declaration are to the FNS administrative record, hereinafter designated simply "A.R."  In Plaintiff's response to Defendants' statement of material facts not in dispute, Plaintiff denies certain facts supported by the administrative record, but does not offer any factual support of these denials.  Consequently, the Court treats all facts contained in the certified administrative record as undisputed for the purposes of this motion.  See Fed. R. Civ. P. 56(e)(2).

stamp program regulations.  (See A.R. 22-24.)  Beginning in January of 2008, FNS conducted an investigation of Plaintiff's store.  (A.R. 31.)  Specifically, an FNS investigator visited Plaintiff's store on six occasions[2] over a period of three months, and on five of those occasions attempted to purchase items ineligible under the food stamp program with a SNAP card (A.R. 31.)  Each attempt to purchase unauthorized items (specifically, non-food items such as dish soap and sponges) was successful.  On the final visit, the investigator also attempted a "trafficking" transaction, in which stamps were offered in exchange for cash, but was rejected by the store clerk.  (A.R. 49.)

On June 5, 2008, FNS sent Plaintiff a charge letter reporting the results of the investigation, and warning Plaintiff that Atlantic Deli & Grocery was being considered for a six-month disqualification from SNAP for the sale of ineligible "nonfood" items.  (A.R. 29.)  On July 2, 2008, FNS issued its decision finding that Plaintiff committed the SNAP violations cited in the charge letter, and informing the co-owners that Atlantic Deli & Grocery would be disqualified from SNAP for six months because of

---

[2] The visits occurred on January 8, 2008 (A.R. 32), January 15, 2008 (A.R. 35), January 24, 2008 (A.R. 38), February 14, 2008 (A.R. 41), February 21, 2008 (A.R. 44), and March 5, 2008 (A.R. 47).  For each instance, the investigator's declaration memorializes each of the purchases, for a total of six such declarations of record.

the violations.  (A.R. 58-59.)  The July 2 letter also explained that FNS had considered imposing a civil money penalty on Atlantic Deli & Grocery in lieu of disqualification, but deemed that the store was not eligible for the civil penalty because of the existence of other SNAP-authorized retail stores in the area, thereby assuring the agency that food stamp recipients would not suffer hardship as a result of the disqualification.  (Id.)

On July 16, 2008, the co-owners of Atlantic Deli & Grocery sent FNS an appeal letter, requesting review of the disqualification.  (A.R. 61.)  The letter states "[a]lthough we did not find any definite clue of how the mistake had happened, we are not in a position to deny the fact that any of our low trained employees might had entered a transaction that should not had happened at all."  (Id.)  The letter goes on to explain that the store would institute a new training policy, ensuring that only trained employees would handle food stamp transactions, and apologizing for the "unintentional mistake that your agency had noticed."  (Id.)  The letter concludes with a plea for sympathy and request to not impose the disqualification.

FNS assigned the appeal to an administrative review officer, who contacted Plaintiff and requested any additional information that would help her conduct her review of the case.  (A.R. 63.)  The six month disqualification was stayed during the two-year pendency of the administrative appeal.  On July 26, 2010, FNS

issued its final agency decision, concluding that there was sufficient evidence to support the finding of the SNAP violations as charged, and that the six-month disqualification penalty was proper for violations of SNAP rules committed by employees not fully aware of SNAP rules. (A.R. 70.)

On August 24, 2010, Plaintiff filed the instant action, seeking judicial review of Defendants' disqualification determination. [Docket Item 1.] On September 15, Plaintiff filed an emergency motion for a preliminary injunction, seeking to extend the stay of disqualification pending the resolution of this Court's review. [Docket Item 6.] On September 20, 2010, the parties stipulated to a stay of the disqualification, and Plaintiff subsequently withdrew its motion for preliminary relief. [Docket Items 10 & 11.] On October 6, 2010, in lieu of an answer and prior to the parties conducing any new discovery, Defendants filed the instant motion for summary judgment. [Docket Item 12.]

### III. DISCUSSION

#### A.   Standard of Review

The final determination by FNS is subject to de novo review by the district court at the request of an aggrieved party, 7 U.S.C. §§ 2023(a)(13), (15), as discussed below.

Summary judgment is appropriate "if the movant shows that

5

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact. Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, the Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

**B.  Plaintiff's Rule 56(d) Opposition**

Plaintiff argues that, because no discovery has taken place in the instant action, Defendants' motion for summary judgment is premature. Plaintiff therefore requests, pursuant to Rule 56(d)[3], the Court grant Plaintiff a continuance to conduct

---

[3] In December of 2010, Rule 56 of the Federal Rules of Civil Procedure was reorganized slightly, and what had previously been labeled Rule 56(f) became Rule 56(d). The change to Rule 56, for the present purposes, was not substantive in nature. The Court will interpret the parties' references to Rule 56(f), submitted

certain discovery prior to deciding the motion.  Plaintiff's counsel submitted an affidavit in support of this request.  (Sobel Aff.)

>   Rule 56(d) states:
>
> > If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The Third Circuit has long interpreted this rule (and its predecessor, Rule 56(f)) to require that "a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."  Dowling v. City of Philadelphia, 855 F.2d 136, 140-41 (3d Cir. 1988).  Provided that a party opposing summary judgment files an affidavit that addresses these three requirements with specificity, and especially when particular information, necessary to the successful opposition to summary judgment, is in the sole possession of the moving party, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course."  Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984).  Vague

---

prior to the rules reorganization, as references to Rule 56(d).

or general statements of what a party hopes to gain through a delay for discovery under former Rule 56(f), now Rule 56(d), are insufficient.  Hancock Indus. v. Schaeffer, 811 F.2d 225, 230 (3d Cir. 1987).

Plaintiff's affidavit addresses only the third Dowling requirement successfully.  Plaintiff's counsel explains that discovery has not previously been obtained because of the procedural history of the case; namely, that Defendant moved for summary judgment in lieu of filing an answer, so no Rule 16 discovery schedule has been established.  (Sobel Aff. ¶¶ 8-9.)  With respect to the first and second requirements of Dowling, however, Plaintiff's affidavit is insufficient.  Plaintiff's affidavit identifies two particular desired items of discovery: (1) particular warning letters mailed to Plaintiff prior to the initiation of the 2008 investigation which were identified but not included in the administrative record (Sobel Aff. ¶ 13), and (2) to depose the FNS investigator (Sobel Aff. ¶ 14).  These requests are insufficient to warrant a delay in deciding the pending motion for summary judgment.  Plaintiff does not identify any information that could be contained in the warning letters not attached to the administrative record that would help oppose summary judgment; moreover, those warning letters are not material to the FNS finding of a violation, which is based on the five separate nonfood purchases.  Similarly, while Plaintiff

would like to "test the veracity" of the investigator, there is no suggestion that any of the information contained in the investigator's attached declarations (A.R. 31-49) lacks veracity. Indeed, Plaintiff has not submitted an affidavit or other evidence in opposition to the motion that denies any of these illicit transactions occurred. Such facts would be within the Plaintiff's possession.

Furthermore, Plaintiff's request for a Rule 56(d) continuance is unusually ill suited to the facts of this case. Unlike the situation in Sames, where the defendant seeking summary judgment was in possession of facts necessary to defeat summary judgment, Plaintiff here would be capable of producing evidence (should it exist) that could defeat summary judgment, even without discovery. To the extent that Plaintiff contests the truth of the investigator's report that the SNAP violations occurred as reported, Plaintiff was capable of producing affidavits of the employees who were working on the days in question who could deny the investigator's allegations. Plaintiff additionally argues that discovery is necessary because the administrative record does not identify the Atlantic Deli & Grocery employees who committed the violations by name. However, Plaintiff did not need to depose the investigator to identify these employees; Plaintiff was in the best position to identify them, through its own internal records of who was working on the

9

days in question. See Dowling, 855 F.2d at 140 (affirming district court's denial of continuance because, inter alia, "there was absolutely nothing to prevent [plaintiff] Dowling from filing her own affidavit and that of other protestors if she had any information that would have created a material issue of fact on a relevant issue."). Plaintiff, as noted, did not dispute that these violations occurred, and Plaintiff's co-owners characterized the transactions as "this unintentional mistake that your agency had noticed." (Israt Jahan letter of July 16, 2008, at A.R. 61.) Where Plaintiff has not contested the facts of the five violations, either in the administrative record or in its opposition to summary judgment, no legitimate need exists for obtaining the investigator's deposition to challenge the investigator's veracity. Consequently, the Court will not grant a continuance for additional discovery in this case, because Plaintiff's request for discovery does not meet the requirements of Rule 56(d).

**B. Judicial Review under 7 U.S.C. § 2023(a)**

Defendants argue that summary judgment is proper in this case because, on the factual record before the Court, no material question of fact exists about whether the SNAP violations occurred or whether the penalty of disqualification was valid. Plaintiff responds that Defendants have not proved that the SNAP violations occurred, and the sanction of disqualification was not

10

proper.

The Supplemental Nutrition Assistance Program provides, by statute, for judicial review of any final determination by the FNS for aggrieved parties. 7 U.S.C. § 2023(a)(13). The statute provides that "the suit . . . shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. . . ." 7 U.S.C. § 2023(a)(15). It is, however, well established that the plaintiff challenging the administrative action has the burden of proving by a preponderance of the evidence that the charged SNAP violation did not occur. Han v. Food and Nutrition Service, 580 F. Supp. 1564, 1567 (D.N.J. 1984) ("plaintiff bears the burden of establishing by a preponderance of the evidence that the agency's determination to disqualify [plaintiff] from participating in the Food Stamp Program is factually incorrect.") (quoting Redmond v. United States, 507 F.2d 1007 (5th Cir. 1975)) (internal quotation marks omitted). Plaintiff, as the party bearing the burden of proof at trial, has not come forth with opposition to this summary judgment motion from which a fact finder could reasonably find for Plaintiff, as required by Rule 56(e). Therefore, as Plaintiff has introduced no evidence that could raise a question of material fact about whether the SNAP violation occurred, the Court must conclude that summary judgment is proper on this issue. See Freedman v. United States Dept. of Agriculture, 926

F.2d 252, 261 (3d Cir. 1991) (holding that "de novo review is compatible with a summary judgment disposition if there are no material facts in dispute.")

Secondly, Plaintiff argues that the agency's imposition of a six-month disqualification from participation in SNAP, instead of imposing a monetary penalty, was inappropriate.

Under the SNAP regulations,

> the FNS regional office shall . . . [d]isqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 C.F.R. § 278.6(e)(5). However, the regulations go on to state that

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

7 C.F.R. § 278.6(f)(1). The record in this case indicates that the FNS field office considered Plaintiff for a civil money penalty in lieu of disqualification, but found that two other authorized grocery stores were located in the immediate area. (A.R. 53.) Consequently, the agency determined that Plaintiff did not qualify for a civil money penalty under the regulation. (Id.) On appeal, the administrative review officer reconsidered

12

this determination and found it to be the appropriate determination as well. (A.R. 71.)

The standard of review for the imposition of a sanction under SNAP is whether the Secretary's action was arbitrary or capricious, i.e., whether it was "unwarranted in law or without justification in fact." Willy's Grocery v. United States, 656 F.2d 24, 26 (2d Cir. 1981). See also Grocery Town Market, Inc. v. United States, 848 F.2d 392, 396 (3d Cir. 1988) ("Deference to an administrative interpretation is particularly appropriate where, as here, the regulation concerns the Secretary's choice of sanction for a statutory violation.") (citations omitted). In other words, Plaintiff has the burden of introducing evidence into the record that would allow the Court to conclude that the agency's determination that a six-month disqualification is unwarranted in law or fact.[4]

The Court holds that Plaintiff has not met this burden. Plaintiff has introduced no evidence contesting the agency's factual finding that there were two other SNAP approved grocery stores in the immediate area of Plaintiff's store. Similarly,

---

[4] Plaintiff argues, without merit, that the Court should review the imposition of a penalty de novo. The Court concludes that the precedent in the Third Circuit is clear and that arbitrary and capricious is the proper standard of review. See Grocery Town Market, 848 F.2d at 396. However, the Court finds, alternatively, that even if it applied a de novo review, the agency's determination is clearly supported by the uncontested facts in the record and the clear language of the regulation.

Plaintiff has made no argument that, given this factual finding, the imposition of the sanction of six month disqualification is unwarranted in law, given the explicit requirement to impose such a sanction under 7 C.F.R. § 278.6(e)(5). Consequently, the Court concludes that summary judgment is warranted on the issue of the sanction.

**IV. CONCLUSION**

Plaintiff was initially found to have violated the SNAP regulations on July 2, 2008, and issued the warranted sanction of a six-month disqualification from the program. Plaintiff has managed to delay the imposition of this six-month sanction for nearly three years, and seeks further delay by claiming to need discovery in order to oppose Defendants' motion for summary judgment. Because the Court has found that Plaintiff has not adequately explained what information is sought nor how such information, if found, would help it oppose summary judgment, the Court concludes that further delay of the imposition of the sanction is unwarranted. Additionally, the Court concludes that, as Plaintiff has submitted no evidence establishing any question of material fact regarding whether the claimed violations occurred or whether the six-month disqualification is warranted, summary judgment is proper in this case. The Court will, therefore, grant Defendants' motion for summary judgment and

dismiss Plaintiff's Complaint.  The accompanying Order shall be entered.

**May 23, 2011**             **s/ Jerome B. Simandle**
Date                 JEROME B. SIMANDLE
                           United States District Judge